UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-66-BR
No. 4:12-CV-78-BR

| | |
|---|---|
| DEMAZ ALSTON,      )<br>      Petitioner,      )<br>      )<br>  v.      )<br>      )<br>UNITED STATES OF AMERICA,      )<br>      Respondent.      ) | O R D E R |

This matter is before the court on petitioner's motion pursuant to 28 U.S.C. § 2255. (DE # 34.)

On 2 November 2009, pursuant to a plea agreement, petitioner pled guilty to one count of being a felon in possession of a firearm (Count Three) and one count of being in possession of a stolen firearm (Count Four). On 8 March 2010, the court sentenced petitioner, as an Armed Career Criminal under 18 U.S.C. § 924(e), to 236 months imprisonment on Count 3 and 120 months imprisonment on Count Four, to be served concurrently with Count Three. Petitioner did not appeal from this judgment.

On 2 May 2012, he filed the instant motion, with the assistance of counsel, asserting one claim. He contends that he is no longer an Armed Career Criminal and that he is innocent of Count Three, that is, having been a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), all in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Mem., DE # 35, at 4.) He requests that his sentence on Count Three be vacated. (Id.)

On 3 May 2012, on initial review of the motion, the court directed the U.S. Attorney to file an answer or other appropriate response to the motion. (DE # 36.) On 25 May 2012, the

U.S. Attorney filed his answer, contending that the motion should be dismissed as untimely and, alternatively, because petitioner waived the right to contest his sentence with a post-conviction motion in his plea agreement. (See DE # 37, at 2-12.) Recently, on 5 September 2012, the government withdrew its answer. (See DE # 41.) The government waives any statute of limitations defense and any reliance on the waiver contained in petitioner's plea agreement, and it acknowledges that petitioner has a valid claim in light of Simmons. (Id. at 2-3.) Importantly, the government states, "Because his 922(g) conviction and his Armed Career Criminal designation now appear to be Simmons-infirm, the petitioner is therefore entitled to a resentencing." (Id. at 4 (footnote omitted).) The court agrees with the parties that petitioner is entitled to relief.

Accordingly, the § 2255 motion is ALLOWED. The judgment entered 20 March 2009 is hereby VACATED. Petitioner's conviction on Count Three is VACATED. Petitioner's conviction on Count Four remains, and re-sentencing on that count is set for 1 October 2012.

This 6 September 2012.

W. Earl Britt

Senior U.S. District Judge